Upon review of the competent evidence of record, and findings no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. That all parties are properly before the Industrial Commission and the Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. EBI Companies was the compensation carrier on risk at all relevant times herein.
3. Plaintiff's average weekly wages were $476.77 per week at all relevant times herein.
4. The issues to be determined before the Deputy Commissioner were as follows:
 a) Whether plaintiff sustained an injury by accident while in the course and scope of his employment with defendant-employer?
 b) If so, what, if any, workers' compensation benefits is plaintiff entitled to receive as a result of the injuries sustained?
 ***********
Based upon the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Defendant-employer manufactures furniture. Plaintiff had worked as an upholsterer for defendant-employer for approximately ten months prior to 25 August 1999. Plaintiff's job required him to lift and move heavy furniture including sofas.
2. On 25 August 1999, plaintiff was repairing a finished leather sofa. As plaintiff picked up one end of the sofa, his left arm was cut by a tack band. Plaintiff dropped the sofa when he was cut. Plaintiff contends that as the sofa fell, it jerked his right arm and hand. Plaintiff told his supervisor, Greg Alexander, that he had hurt his right arm, shoulder, and neck when he dropped the sofa. Plaintiff also stated that his co-worker, Greg Lackey, laughed at plaintiff when he dropped the sofa.
3. Mr. Lackey indicated that he did not see plaintiff drop a sofa on 25 August 1999, and he did not laugh at plaintiff after he had dropped any sofa. Mr. Lackey indicated that plaintiff told him that his right arm and shoulder were injured when plaintiff picked up a 700 to 800 pound roll of carpet the weekend prior to 25 August 1999. Mr. Lackey had this conversation with plaintiff early in the morning the day plaintiff returned from a long weekend. Plaintiff was off work the Friday and Monday immediately prior to the alleged incident of 25 August 1999.
4. Mr. Lackey testified that plaintiff asked him if he could report the injury he sustained moving the carpet as a workers' compensation claim so that he could receive monetary compensation. Mr. Lackey told plaintiff that he did not think that he could report the injury as work-related. Mr. Lackey later learned that plaintiff had alleged that he had hurt his right arm and shoulder at work. Mr. Lackey then reported to his supervisor that plaintiff had injured himself at home, and was filing a workers' compensation claim to receive benefits.
5. Kenneth Lee Starnes, plaintiff's co-worker, testified, that he worked next to plaintiff and that plaintiff had told him that he had injured his right arm while lifting a wet roll of carpet at home.
6. Plaintiff was seen and treated by Eric Hart, M.D. Plaintiff's chief complaint at the time was right biceps muscle pain. Dr. Hart diagnosed plaintiff's condition as muscle strain. Dr. Hart released plaintiff to return to light duty and placed him in physical therapy. Plaintiff's condition did not improve, and he was referred to C. Michael Nicks, M.D. Plaintiff eventually sought treatment with Jerry L. Barron, M.D. Dr. Barron diagnosed plaintiff's condition as a C5-6 disc herniation.
7. Plaintiff sustained an injury to his right arm, shoulder, and neck while moving a roll of carpet at home prior to 25 August 1999.
8. Plaintiff did not sustain an injury by accident while in the course and scope of his employment with defendant-employer on 25 August 1999.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSION OF LAW
Plaintiff failed to prove that he sustained an injury by accident on 25 August 1999 while in the course and scope of his employment with defendant-employer. G.S. § 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for benefits under the act is DENIED.
2. Each side shall pay its own costs.
 S/________________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/_______________ LAURA K. MAVRETIC COMMISSIONER